Timothy Graulich
James I. McClammy
Adam L. Shpeen
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** <br><br> **ENNIA Caribe Holding N.V.,** <br><br> **Debtor in a Foreign Proceeding.** | **Chapter 15** <br><br> **Case No. 18-12908 (\_\_\_)** |
| **In re:** <br><br> **EC Holding N.V.,** <br><br> **Debtor in a Foreign Proceeding.** | **Chapter 15** <br><br> **Case No. 18-12909 (\_\_\_)** |
| **In re:** <br><br> **ENNIA Caribe Leven N.V.,** <br><br> **Debtor in a Foreign Proceeding.** | **Chapter 15** <br><br> **Case No. 18-12910 (\_\_\_)** |

| | |
|---|---|
| **In re:** <br><br> **ENNIA Caribe Zorg N.V.,** <br><br> **Debtor in a Foreign Proceeding.** | **Chapter 15** <br><br> **Case No. 18-12911 (\_\_\_)** |
| **In re:** <br><br> **ENNIA Caribe Schade N.V.,** <br><br> **Debtor in a Foreign Proceeding.** | **Chapter 15** <br><br> **Case No. 18-12912 (\_\_\_)** |
| **In re:** <br><br> **EC Investments B.V.,** <br><br> **Debtor in a Foreign Proceeding.** | **Chapter 15** <br><br> **Case No. 18-12913 (\_\_\_)** |

**FOREIGN REPRESENTATIVE'S MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 15 CASES**

R.M. Hermans, Ph.D., LL.M., M.Sc. (the "**Foreign Representative**"), the duly appointed foreign representative of ENNIA Caribe Holding N.V. ("**ECH**") and each of the other above-captioned Debtors that are subject to the application of *noodregeling* (which means "emergency regulations") ("**Emergency Regulations**") in Curaçao pursuant to Article 60 of the *Landsverordening Toezicht Verzekeringsbedrijf* (which means "National Ordinance on the Supervision of the Insurance Industry") (the "**LTV**") by orders of the Court of First Instance of Curaçao (the "**Curaçao Court**," and the

2

proceedings of the Debtors under the Emergency Regulations pursuant to such orders, the "**Foreign Proceeding**"), respectfully represents:

## Background and Jurisdiction

1. On July 4, 2018 and, with respect to EC Holding N.V., July 6, 2018 (the "**Restructuring Commencement Date**"), the Foreign Proceeding was commenced as to each debtor as described in the *Declaration of R.M. Hermans*, filed contemporaneously herewith (the "**Foreign Representative Declaration**").

2. On the date hereof, the Foreign Representative commenced the above-captioned chapter 15 cases (the "**Chapter 15 Cases**") by filing petitions for recognition of the Foreign Proceeding (the "**Petitions for Recognition**") with the United States Bankruptcy Court for the Southern District of New York (this "**Court**"). Additional information about the nature of the Debtors' businesses and the Debtors' corporate structure can be found in the Foreign Representative Declaration.

3. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334, 1501 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.), as amended by Standing Order M-431, dated February 1, 2012 (Preska, C.J.).

4. The Chapter 15 Cases have been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of the Petitions for Recognition pursuant to section 1515 of the Bankruptcy Code.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and may be determined by this Court. Venue is proper before this Court pursuant to 28 U.S.C. § 1410(1) or, in the alternative, 28 U.S.C. § 1410(3).

## Relief Requested

6. By this motion (this "**Motion**"), the Foreign Representative, on behalf of the Debtors, seeks entry of an order (the "**Proposed Order**"), in the form attached hereto as Exhibit A, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) directing joint administration of the Chapter 15 Cases for procedural purposes only and (ii) granting such other and further relief as this Court deems just and proper.

## Basis for Relief

7. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"). Accordingly, this Court is authorized to grant the requested relief by virtue of the fact that ECH is the direct or indirect parent of each of the other Debtors. Courts in this district have granted such relief in other chapter 15 cases. *See, e.g.*, *In re Perforadora Oro Negro, S. De R.L. De C.V., et. al.*, Case No. 18-11094 (SCC) (Bankr. S.D.N.Y. Apr. 20, 2018) [ECF No. 22]; *In re Odebrecht Óleo E Gás S.A.*, Case No. 17-13130 (JLG) (Bankr. S.D.N.Y. Nov. 3, 2017) [ECF No. 22]; *In re OAS S.A.*, Case No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015) [ECF No. 13]; *In*

*re Lupatech, S.A.*, Case No. 14-11559 (SMB) [ECF No. 17] (Bankr. S.D.N.Y. May 8, 2014).

8.  Given the provisions of the Bankruptcy Code and the Debtors' affiliation, joint administration of these cases is warranted. Joint administration will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders, thereby saving the Debtors considerable expense and resources. The Debtors' financial affairs and business operations are closely related. Many of the motions, hearings and orders in the Chapter 15 Cases will affect each Debtor. The rights of parties in interest will not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the Debtors' Chapter 15 Cases. In fact, all parties will benefit by the reduced costs that will result from the joint administration of the Chapter 15 Cases. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files.

9.  Accordingly, the Debtors respectfully request that the caption of the Chapter 15 Cases be modified to reflect the joint administration of the Chapter 15 Cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 15** |
| **ENNIA Caribe Holding N.V.,** *et al.*,[1] | **Case No. 18-12908 (___)** |
| **Debtors in a Foreign Proceeding.** | **(Jointly Administered)** |

5

[1] The debtors in the chapter 15 cases, along with each debtor's trade register number, are: ENNIA Caribe Holding N.V. (trade register number 63986) ("**ECH**"), EC Holding N.V. (trade register number 138313) ("**EC Holding**"), ENNIA Caribe Leven N.V. (trade register number 36875) ("**ECL**"), ENNIA Caribe Zorg N.V. (trade register number 51811) ("**ECZ**"), ENNIA Caribe Schade N.V. (trade register number 63987) ("**ECS**") and EC Investments B.V. (trade register number 99988) ("**ECI**," and, together with ECH, EC Holding, ECL, ECZ and ECS, the "**ENNIA Group**" or "**Debtors**"). The mailing address of the lead debtor in the chapter 15 cases, ECH, is John B. Gorsiraweg 6, Willemstad, Curaçao.

10.  The Debtors also seek this Court's direction that a notation substantially similar to the following be entered on the docket of each of the Chapter 15 Cases to reflect the joint administration of the Chapter 15 Cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of ENNIA Caribe Holding N.V., EC Holding N.V., ENNIA Caribe Leven N.V., ENNIA Caribe Zorg N.V., ENNIA Caribe Schade N.V. and EC Investments B.V. The docket in Case No. 18-12908 (___) should be consulted for all matters affecting this case.

### Notice

11.  The Debtors have served notice of this Motion on (i) all persons or bodies authorized to administer foreign proceedings of the Debtors, (ii) the Office of the United States Trustee for the Southern District of New York, (iii) all other parties that request notice in the Chapter 15 Cases as of the date of such service, and (iv) all other parties that this Court may direct.

12.  The Foreign Representative requests that this Court grant this Motion without any further notice. The Foreign Representative proposes to notify creditors and parties in interest of the filing of the Petitions for Recognition and the Foreign Representative's request for entry of an order recognizing the Foreign Proceeding as a foreign main proceeding in the form and manner set forth in the *Foreign*

*Representative's Motion for an Order Scheduling Hearing and Specifying the Form and Manner of Service of Notice*, filed contemporaneously herewith. In light of the nature of the relief requested herein, the Foreign Representative submits that no other or further notice of this Motion is necessary or required.

## **No Previous Request**

13. No previous request for the relief sought herein has been made by the Foreign Representative or the Debtors to this or any other court.

WHEREFORE, the Foreign Representative respectfully requests that this Court grant the relief requested herein and such other and further relief as is just and proper.

Dated:   New York, New York
         September 25, 2018

By:  */s/ Timothy Graulich*
     Timothy Graulich
     James I. McClammy
     Adam L. Shpeen
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:   (212) 701-5800

*Counsel to the Foreign Representative*

# EXHIBIT A

18-12909-mg    Doc 2    Filed 09/25/18    Entered 09/25/18 22:47:28    Main Document
Pg 9 of 14

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**ENNIA Caribe Holding N.V.,**<br><br>Debtor in a Foreign Proceeding. | **Chapter 15**<br><br>**Case No. 18-12908 (___)** |
| **In re:**<br><br>**EC Holding N.V.,**<br><br>Debtor in a Foreign Proceeding. | **Chapter 15**<br><br>**Case No. 18-12909 (___)** |
| **In re:**<br><br>**ENNIA Caribe Leven N.V.,**<br><br>Debtor in a Foreign Proceeding. | **Chapter 15**<br><br>**Case No. 18-12910 (___)** |
| **In re:**<br><br>**ENNIA Caribe Zorg N.V.,**<br><br>Debtor in a Foreign Proceeding. | **Chapter 15**<br><br>**Case No. 18-12911 (___)** |

| | |
|---|---|
| **In re:**<br><br>**ENNIA Caribe Schade N.V.,**<br><br>**Debtor in a Foreign Proceeding.** | **Chapter 15**<br><br>**Case No. 18-12912 (\_\_\_)** |
| **In re:**<br><br>**EC Investments B.V.,**<br><br>**Debtor in a Foreign Proceeding.** | **Chapter 15**<br><br>**Case No. 18-12913 (\_\_\_)** |

**ORDER DIRECTING
JOINT ADMINISTRATION OF CHAPTER 15 CASES**

Upon the motion (the "**Motion**")[1] of R.M. Hermans, Ph.D., LL.M., M.Sc. (the "**Foreign Representative**"), the duly appointed foreign representative of ENNIA Caribe Holding N.V. ("**ECH**") and each of the other above-captioned Debtors that are subject to the application of *noodregeling* (which means "emergency regulations") ("**Emergency Regulations**") in Curaçao pursuant to Article 60 of the *Landsverordening Toezicht Verzekeringsbedrijf* (which means "National Ordinance on the Supervision of the Insurance Industry") (the "**LTV**") by orders of the Court of First Instance of Curaçao (the "**Curaçao Court**," and the proceedings of the Debtors under the Emergency Regulations pursuant to such orders, the "**Foreign Proceeding**"), for entry of an order (this "**Order**"), pursuant to Bankruptcy Rule 1015(b), directing the joint administration of the Chapter 15

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

2

Cases for procedural purposes only, as more fully described in the Motion; and upon consideration of the *Declaration of R.M. Hermans*, filed in support of the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.), as amended by Standing Order M-431, dated February 1, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding this Court can determine pursuant to 28 U.S.C. § 157(b)(2)(P); and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Pursuant to Bankruptcy Rule 1015(b), the Chapter 15 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Chapter 15 Cases.

4. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| **In re:** | **Chapter 15** |
| **ENNIA Caribe Holding N.V.,** *et al.*, | **Case No. 18-12908 (___)** |
|   | **(Jointly Administered)** |
| **Debtors in a Foreign Proceeding.** |   |

[1] The debtors in the chapter 15 cases, along with each debtor's trade register number, are:  ENNIA Caribe Holding N.V. (trade register number 63986) ("**ECH**"), EC Holding N.V. (trade register number 138313) ("**EC Holding**"), ENNIA Caribe Leven N.V. (trade register number 36875) ("**ECL**"), ENNIA Caribe Zorg N.V. (trade register number 51811) ("**ECZ**"), ENNIA Caribe Schade N.V. (trade register number 63987) ("**ECS**") and EC Investments B.V. (trade register number 99988) ("**ECI**," and, together with ECH, EC Holding, ECL, ECZ and ECS, the "**ENNIA Group**" or "**Debtors**").  The mailing address of the lead debtor in the Chapter 15 Cases, ECH, is John B. Gorsiraweg 6, Willemstad, Curaçao.

5.  A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of ENNIA Caribe Holding N.V., EC Holding N.V., ENNIA Caribe Leven N.V., ENNIA Caribe Zorg N.V., ENNIA Caribe Schade N.V. and EC Investments B.V.  The docket in Case No. 18-12908 (___) should be consulted for all matters affecting this case.

6. Notice of the Motion as provided therein shall be deemed good and sufficient.

7. The Foreign Representative is authorized to (a) utilize a combined service list for the Debtors' jointly administered cases and (b) send combined notices to creditors of the Debtors and other parties in interest.

8. The Foreign Representative is authorized to take such actions as may be necessary and appropriate to implement the terms of this Order.

9. This Court shall retain jurisdiction with respect to any and all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York

_____, 2018

_____
UNITED STATES BANKRUPTCY JUDGE